UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BENZY BAIN | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 4:23-cv-10310-MRG |
| | ) |
| MATTHEW DIVRIS | ) |
| | ) |
| Respondent. | ) |
| | ) |

ORDER ON MOTION FOR CERTIFICATE OF APPEALABILITY

GUZMAN, J.

For the reasons stated below, Petitioner's Second Amended Motion for Certificate of Appealability [ECF No. 34] is DENIED.

I.      BACKGROUND

Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 9, 2023. [ECF No. 1]. Respondent filed an assented-to motion to extend time to June 5, 2023, to respond to the petition, [ECF No. 12], which the Court granted, [ECF No. 13]. Respondent filed a motion to dismiss on June 5, 2023, [ECF No. 15]. On October 11, 2023, the Court granted Respondent's motion to dismiss for several reasons, including because Petitioner failed to file an opposition in a timely manner and because Petitioner had failed to exhaust grounds two, three, and four of his petition and did not show "good cause" as to why a stay should be granted to allow him to exhaust those grounds. [ECF No. 17]. Additionally, the Court noted in dicta that the petition only raised grounds under state law not federal law. [Id.] Petitioner then filed a motion to vacate the order of dismissal and leave to file an amended petition that only included the ground that was properly exhausted. [ECF No. 19]. The Court denied this motion due to the lengthy period of time

during which the Petitioner failed to oppose the motion to dismiss – an excess of 115 days – despite being on notice that his response would be due within 14 days of June 5, 2023, a date he assented to. [ECF No. 20]. Petitioner appealed the dismissal to the U.S. Court of Appeals for the First Circuit. [ECF No. 21]. In its dismissal, this Court did not address whether a certificate of appealability ("COA") would be issued. The First Circuit directed this Court to issue or deny a COA at its earliest opportunity. [ECF No. 27]. The Court allowed Petitioner to file a motion and memorandum for issuance of a COA. [ECF No. 29]. Petitioner filed the motion, [ECF No. 32], and twice amended it, [ECF Nos. 33 & 34]. ECF No. 34, the second amended motion is the operative motion before the Court.

II.    LEGAL STANDARD

Under 28 U.S.C. § 2253 ("Section 2253"), a COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483 (2000). The standard the district court applies in determining whether to issue a COA depends on the basis upon which the petition was dismissed. In Slack v. McDaniel, the Supreme Court explained this difference:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where [] the district court dismisses the petition based on procedural grounds. . . . [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Id. at 484. Slack also established that "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that

the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id.

As highlighted above, Section 2253 mandates that in determining whether a COA should issue in a case whether the petition was dismissed on procedural grounds, two threshold showings must be made: (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id. at 484-85. Both showings are required; however, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

III.   DISCUSSION

The Court's order of dismissal stated both procedural grounds and a hypothetical statement of consideration on the merits, but it is apparent from the record that the procedural holding was the primary reason for dismissal. [ECF No. 17]. As set forth below, the procedural grounds for dismissing the petition were proper and no reasonable jurist could conclude that the Court erred dismissing the case on the procedural ground. As such, no appeal is warranted. See Slack, 529 U.S. at 484.

The Court dismissed Mr. Bain's petition based on the procedural grounds that (1) he failed to respond to Respondent Divris' motion to dismiss in a timely manner; (2) Mr. Bain presented a mixed petition that included both exhausted and unexhausted claims; and, (3) Mr. Bain failed to show "good cause" as to why a stay should be granted to allow him to exhaust his unexhausted claims. [ECF No. 17].  Dismissal based on a failure to comply with the filing deadlines set by the Federal Rules of Civil Procedure constitutes dismissal on a procedural ground. Additionally,

3

dismissal for failure to exhaust also constitutes a dismissal based on a procedural ground. See Muller v. Goguen, 385 F. Supp. 3d 121, 130 (D. Mass. 2019).

As to ground (1), no reasonable juror could debate whether Mr. Bain complied with the Federal Rules' filing deadlines as his opposition to the motion to dismiss was due June 19, 2023, and, as of the date of the Court's order of dismissal on October 11, 2023, he had still not filed an opposition. As to ground (2), Mr. Bain failed to exhaust grounds two, three, and four of his petition because he did not appeal these grounds up to the state's highest court. His petition for further appellate review ("ALOFAR") to the Massachusetts Supreme Judicial Court ("SJC") only included the claim that is advanced as ground one of his habeas petition – that there was insufficient proof of joint venture to sustain his conviction. No reasonable juror could find that the other grounds for habeas relief have been fairly presented to the state courts. See Muller, 358 F. Supp. 3d. at 130 (denying a COA for failure to exhaust claims); Fletcher v. Marshall, 525 F. Supp. 2d 233, 237 (D. Mass. 2007) (same).

As to ground (3), Rose v. Lundy, 455 U.S. 509, 518-19 (1982) requires "total exhaustion" of habeas claims in state court. When presented with a mixed petition that includes both exhausted and unexhausted claims, the Court may grant a stay so Petitioner may exhaust the unexhausted claims in state court. However, such a stay may only be granted if Petitioner demonstrates "good cause." See Rhines v. Weber, 544 U.S. 269, 273-77 (2005). As to "good cause," Mr. Bain asserted that he did not raise grounds two, three, and four in his appeal to the SJC because he was limited to ten pages for his SJC brief and presented only ground one because he thought it was his strongest claim. [See ECF No. 1 at 8, 10, 11]. The First Circuit "does not recognize . . . strategic decisions of counsel as good cause" for a stay. Sullivan v. Saba, 840 F. Supp. 2d 429, 437 (D. Mass. 2012); Gaouette v. O'Brien, No. 07-12202-MLW, 2010 U.S. Dist. LEXIS 134435, at *3 (D. Mass. Dec. 20, 2010) ("If [the failure to exhaust claims] was the product of strategic decision making by

petitioner's appellate counsel, the First Circuit has held that the intentional decision to omit some claims from the ALOFAR cannot amount to good cause [for a stay]." (internal citation and quotation marks omitted)). No reasonable jurist would find it debatable that the Court's decision to dismiss the mixed petition rather than grant a stay was correct.

IV.     <u>CONCLUSION</u>

Although Section 2253 stipulates that a determination of whether to issue a COA requires two threshold showings – one on consideration of the merits, and one on consideration of the Court's procedural ruling – "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 485. Additionally, the Supreme Court "allows and encourages the court to first resolve procedural issues." <u>Id.</u>; <u>Ashwander v. TVA</u>, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of"). Here it is more apparent from the record that the Court's dismissal was on procedural grounds. Accordingly, the Court bases its determination on the second prong of the Section 2253 COA analysis and finds that no jurists of reason would find it debatable that the Court was correct in its procedural ruling. Therefore, the motion for issuance of a COA is DENIED.

SO ORDERED.

Dated: December 27, 2023

                                       /s/ Margaret R. Guzman
                                       Margaret R. Guzman
                                       United States District Judge